## Ex Parte THRASHER

### No. 3071

May 1, 1934.                                    31 P. (2d) 1039.

*L. D. Summerfield* and *R. E. Burns,* for Petitioner:

*Gray Mashburn,* Attorney-General; *W. T. Mathews,* Deputy Attorney-General; and *Julian Thruston,* Deputy Attorney-General, for Respondent:

## OPINION

By the Court, DUCKER, J.:

This is an original proceeding in habeas corpus. In the petition for the writ the following facts are alleged: Petitioner is unlawfully confined and restrained of his liberty by the sheriff of Washoe County, Nevada, by virtue of a warrant of arrest issued out of the justice's court of Sparks township in said Washoe County, upon a complaint charging petitioner with the violation of chapter 165, Statutes of Nevada 1933. In the complaint petitioner is accused of operating one truck privately owned by him and of an unladened weight of less than 5,000 pounds on the public highway of this state running between the city of Reno and the town of Gerlach in said county, said truck then and there being so operated by him for the exclusive purpose of transporting

groceries which he purchases wholesale in said city of Reno, to a grocery store in said Gerlach, owned and operated by him, to be there resold in his retail grocery trade, and without first having obtained a license so to do from the public service commission of the State of Nevada. Section 1 of said act reads: "SECTION 1: It is hereby declared to be the purpose and policy of the legislature in enacting this law to confer upon the public service commission of Nevada the power and authority, and to make it its duty to supervise, regulate and license the common motor carrying of property and/or passengers for hire, and to supervise for licensing purposes the contract motor carrying of property and/or of passengers for hire, and to supervise for licensing purposes the private motor carrying of property when used for private commercial enterprises on the public highways of this state, hereinafter defined, so as to relieve the existing and all future undue burdens on such highways arising by reason of the use of such highways by motor vehicles in a gainful‑occupation thereon, and to provide for reasonable compensation for the use of such highways in such gainful occupations, and enable the State of Nevada, by a utilization of the license fees hereinafter provided, to more fully provide for the proper construction, maintenance and repair thereof, and thereby protect the safety and welfare of the traveling and shipping public in their use of the highways. * * *"

Section 2 defines different terms of the act. Section 3 deals with certain exemptions from its licensing requirements. It provides: "None of the provisions of this act shall apply to any motor vehicle operated wholly within the corporate limits of any city or town in the State of Nevada; nor to city licensed taxicabs operating within a ten-mile radius of the limits of a city or town; nor to the city or town draymen and private motor carriers of property operating within a two-mile radius of the limits of a city or town, nor to the transportation of live stock and/or farm products to market

by the producer thereof, or such producer's employee, or merchandise and/or supplies for his own use in his own motor vehicle; nor to the transportation of children to and from school; nor to the transportation of highway contractor's own equipment in his own motor vehicle from job to job wholly within the confines of this state; nor to the transportation of ore or minerals in the producer's own vehicle; provided, however, only one vehicle with an unladened weight not exceeding 10,000 pounds, or two vehicles whose combined unladen weight does not exceed 10,000 pounds, shall be exempted for the transportation of ore or minerals or mining supplies; nor to the operation of a privately owned truck in personal services as distinguished from those using the highways in a gainful occupation shall be exempted; provided, however, this exemption shall be limited to one such vehicle not exceeding an unladened weight of five thousand pounds."

A violation of the act is punishable as a misdemeanor.

Petitioner contends that the facts stated in the complaint show that in operating the truck as charged therein he was engaged "in personal services" as distinguished from the use of the highway "in a gainful occupation," within the meaning of the last exemption declared in said section 3. We think that is the proper construction of the provision.

The act was recently before this court in Ex Parte Iratacable, 55 Nev. 263, 30 P. (2d) 284, 290, and was held to be constitutional. The various exemptions declared in said section 3 were held not discriminatory, principally upon the ground that the occasional use of the public highways by motor vehicles in these classes furnished a reasonable basis for the exemptions. With reference to the exemption claimed here, we said: "The next class which it is claimed is arbitrarily and unreasonably exempted are privately owned trucks in personal services, limited to an unladened weight of 5,000 pounds. This class of vehicles is not used on the public highways as a place of business, and are operated

thereon but little, as compared to those who use the public highways in a gainful operation."

It is clear that petitioner, who, as appears from the complaint, uses his truck to transport groceries purchased wholesale in Reno, to his grocery store in Gerlach, to resell in retail grocery trade, makes but an occasional use of the public highways. So the legislature, in pursuance of its policy in exempting from the operation of the act such classes of motor vehicle operators who caused the least damage to the highways, could well have intended to include the class to which petitioner belongs.

Force is given to the conclusion that such actually was the intention of the legislature when attention is given to the precise wording of the exemption. Respondent contends that the words "in personal services" must be construed as meaning such services as are entirely disassociated with any commercial enterprise, instancing the carrying of provisions or other property for one's household uses and the like. If this were the meaning intended, the words "in personal services" would have been sufficient to convey it. But these words do not stand unrelated in the provision. They are put in contrast with the clause "from those using the highways in a gainful occupation." On the whole the provision indicates a meaning more comprehensive than services of a personal nature entirely disassociated from any gainful feature. The exemption is broad enough to include the class of motor vehicle operators in which the complaint places petitioner. His occasional use of the public highways is not pursuant to some business carried on by him along the route. The operation of his truck, as alleged in the complaint, is in services personal to himself and is merely incidental to the business which he carries on at a fixed point in the state, namely, the town of Gerlach. This is not using the highways in a gainful occupation.

The petitioner should be discharged.

It is so ordered.